**EXHIBIT 1**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| STEVEN EILERMAN, individually and on behalf of all other similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MCLANE COMPANY, INC. DBA MCLANE/NORTHWEST, a Washington corporation,<br><br>        Defendant. | NO.:  3:16-cv-05303-BHS<br><br>**STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS ACTION CLAIMS** |

<u>**STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS ACTION CLAIMS**</u>

This Stipulation For Settlement And Release Of Class Action Claims ("Settlement Agreement" or "Agreement") is made and entered into by and between Defendant McLane Company, Inc. dba McLane/Northwest ("McLane" or "Defendant"), on the one hand, and Steven Eilerman ("Plaintiff" or "Class Representative"), on his own behalf and as a proposed representative Plaintiff on behalf of the Settlement Class to be certified pursuant to this Settlement Agreement (as described in Paragraph 4, below) and each of the members of that Settlement Class (each, individually, a "Settlement Class Member" and, collectively, "Settlement Class Members"), on the other hand, in *Eilerman v. McLane Company, Inc. dba McLane/Northwest* (United States District Court for the Western District of Washington, Case No. 3:16-cv-05303-BHS) (the "Litigation").  This Settlement

STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
ACTION CLAIMS - 1
NO.:  3:16-cv-05303-BHS

Agreement pertains to all claims that have been and/or are asserted in all pleadings that have been filed in the Litigation.  This Settlement Agreement is subject to the terms and conditions hereof and the approval of the Court.  For purposes of this Settlement Agreement, Plaintiff and Defendant are referred to individually as a "Party" and collectively as the "Parties."

## SETTLEMENT AMOUNT

As described in detail hereafter, and pursuant to all of the terms and conditions set forth hereafter, Defendant will pay the total amount of Seven Hundred Seventy Five Thousand Dollars ($775,000.00) (the "Settlement Fund"), to resolve all of the claims being released herein, as set forth in detail hereafter.  This Settlement Agreement is not subject to any reversion of funds to the Defendant, such that the entire settlement amount will be payable if the settlement becomes final as defined and set forth herein.

## BACKGROUND AND RECITALS

1.  On March 17, 2016, Plaintiff filed a putative class action Complaint against Defendant in the Superior Court of the State of Washington, County of Pierce, assigned Case No. 16-2-06259-3 (the "State Court Action").  On April 22, 2016, Defendant removed the State Court Action to the United States District Court for the Western District of Washington (the "Court"), where it was assigned Case No. 3:16-cv-05303, and then assigned to the Hon. Benjamin H. Settle, United States District Judge.

2.  The Parties engaged in informal exchanges of documents and information, including data regarding putative class members.

3.  On October 26, 2016, the Parties participated in a private mediation with the Hon. Edward Infante (Ret.).  At the conclusion of the mediation, Judge Infante made a "mediator's proposal" that the Parties thereafter conditionally accepted subject to this final Settlement Agreement being negotiated, drafted and executed. The Parties now enter into this Settlement Agreement to resolve the Litigation.

4.  For purposes of this Settlement Agreement, the "Settlement Class" consists of all

individuals who (1) resided in Washington State, (2) were employed by Defendant as a truck driver, (3) who drove at least one route of three hours or more within Washington State, and (4) who were paid on a "per mile" piece-rate basis, at any time from  March 17, 2013 through and including December 31, 2016  (the "Settlement Class Period").

5.      No Admission of Liability by the Defendant.  Defendant denies any liability or wrongdoing of any kind associated with the claims being released herein.  Defendant contends, among other things, that it has complied at all times with all applicable Washington laws and asserts that the Settlement Class Members were properly compensated for all time worked, and otherwise treated at all times in compliance with Washington law.  Neither this Settlement Agreement nor any exhibit thereto, nor any other document pertaining to the settlement contemplated herein, may be offered in any other case or proceeding as evidence of any admission by Defendant of any liability on any claims for damages or other relief.  Any stipulation or admission by Defendant contained herein is made for settlement purposes only.

6.      Nevertheless, in the interest of avoiding the costs and disruption of ongoing litigation and resolving the claims asserted in the Litigation, Defendant believes that the settlement negotiated between the parties and set forth in this Settlement Agreement is fair, reasonable, and adequate.

7.      It is the desire of Plaintiff, on his own behalf and on behalf of the Settlement Class Members, to fully, finally, and forever settle, compromise, and discharge any and all claims, rights, demands, charges, complaints, causes of action, obligations or liability of any and every kind that are or have been asserted in the Complaint (hereinafter referred to as the "Settled Claims").  The specific terms of the Releases given by the Class Representative and by the Settlement Class Members who do not opt-out of the settlement are set forth in Paragraphs 28 and 29 hereafter and are not to be construed or interpreted by any language in this Recitals section of this Settlement Agreement.

## TERMS OF THE SETTLEMENT

8.      Stipulation for Conditional Class Certification:  The Parties stipulate and agree to the conditional certification of the Settlement Class in the Litigation for purposes of this Settlement

Agreement only.  Should, for whatever reason, the settlement set forth in this Settlement Agreement not become final, the Parties' stipulation to such class certification as part of this settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context. Defendant expressly reserves its rights and declares that, to the extent Plaintiff may otherwise be permitted to seek class certification, it intends to oppose class certification vigorously should this settlement not become final and putative class action claims are allowed to be pursued in the Litigation or any other action or proceeding.

9.    <u>Establishment of the Class Settlement Fund</u>: This settlement is being made on a non-reversionary basis, such that Defendant will pay the entirety of the agreed upon total settlement amount. The agreed total settlement amount is Seven Hundred Seventy-Five Thousand Dollars ($775,000.00) (the "Settlement Fund").

10.    The payment by Defendant of the total Settlement Fund of $775,000.00, pursuant to this Settlement Agreement, shall settle and forever resolve all of the Settled Claims, and will include all payments to Settlement Class Members and government taxing authorities, plus (a) the costs of administration of the settlement, (b) all claimed and/or awarded attorneys' fees and costs, and (c) all claimed and/or awarded enhancement awards to the Class Representative.  Specifically included in the Settlement Fund are Defendant's obligations for all types of employer-side payroll taxes which may be owed as a result of the payments to be made to Settlement Class Members as set forth in this Settlement Agreement, and no additional funding or payment by Defendant will be required for any such obligations. The settlement payments are not being made for any other purpose and will not be construed as "compensation" for purposes of determining eligibility for any health and welfare benefits, unemployment compensation or other compensation or benefits provided by Defendant. In addition, no individual receiving a payment based on this Settlement shall be entitled to any additional or increased health, welfare, retirement or other benefits as a result of their participation in the Settlement.

11. <u>Calculation of Net Settlement Fund</u>:  The Net Settlement Fund ("NSF") for the Settlement Class will constitute the total sum from which Settlement Class Members will be paid. The first step in arriving at the NSF to be created for distribution purposes herein shall be to deduct from the total Settlement Fund the costs of administration of the entire settlement, i.e., the Settlement Administrator's fees and costs, etc.  Thereafter, from the remaining sum shall be deducted the applicable approved attorneys' fees and litigation costs and expenses, and enhancement award for the Class Representative.  The remaining sum after all these deductions shall represent the NSF, which will be used to calculate the settlement share that each Settlement Class Member will receive if this settlement becomes Final as defined in Paragraph 12, below.

12. <u>Effective Date</u>:  This Settlement Agreement shall become effective when the settlement is considered as "Final."  For purposes of this Settlement Agreement, "Effective Date" and "Final" mean (i) in the event that the settlement has received Final Approval by the Court and there were no timely objections filed, or that any timely objections have been withdrawn, then upon the passage of the applicable date for any interested party to seek appellate review of the Court's order of final approval of the settlement without a timely appeal being filed; or, (ii) in the event that one or more timely objections has/have been filed and not withdrawn, then upon the passage of the applicable date for an objector to seek appellate review of the Court's order of final approval of the settlement, without a timely appeal having been filed; or, (iii) in the event that a timely appeal of the Court's order of final approval has been filed, then the Settlement Agreement shall be final when the applicable appellate court has rendered a final decision or opinion affirming the Court's final approval without material modification, and the applicable date for seeking further appellate review has passed. In the event that the Court fails to approve the settlement, or if the appropriate appellate court fails to approve the settlement or if this Settlement Agreement is otherwise terminated: (1) this Settlement Agreement shall have no force and effect and the parties shall be restored to their respective positions prior to entering into it, and no Party shall be bound by any of the terms of the Settlement Agreement; (2) Defendant shall have no obligation to make any payments to the Settlement Class Members,

Plaintiff or Plaintiff's counsel; (3) any preliminary approval order, final approval order or judgment, shall be vacated; and (4) the Settlement Agreement and all negotiations, statements, proceedings and data relating thereto shall be deemed confidential mediation settlement communications and not subject to disclosure for any purpose in any proceeding.

13.   Attorneys' Fees and Costs:  Subject to the Court's approval, "Class Counsel" refers to Plaintiff's Counsel in this Litigation: India Lin Bodien, Esq. of LAW OFFICES OF INDIA BODIEN, Craig J. Ackerman, Esq. of ACKERMANN & TILAJEF, P.C., and Julian Hammond, Esq., Polina Pecherskaya, Esq. and Ari Cherniak, Esq. of HAMMOND LAW, P.C.  Class Counsel may apply to the Court for an award of attorneys' fees and costs and expenses incurred in connection with the prosecution of this matter, and all of the work remaining to be performed by Class Counsel in documenting the Settlement, securing Court approval of the Settlement, carrying out their duties to see that the Settlement is fairly administered and implemented, and obtaining dismissal of the action. Defendant will not object to an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund, or $258,333.33, nor will Defendant object to a request by Class Counsel for reimbursement of reasonable costs and expenses in an amount not to exceed $15,000.00, as determined by the Court.  Amounts awarded by the Court for attorneys' fees and costs shall be paid from the Settlement Fund.  Class Counsel may choose to have part of any amounts awarded for attorneys' fees paid directly, if requested in writing by any class counsel, to an annuity or other such financial vehicle which requires direct payment from the settling party or Settlement Administrator, at no additional cost or expense to Defendant.

14.   Enhancement Award:  Subject to approval by the Court, Defendant will not object to Plaintiff receiving an enhancement award not to exceed $5,000.00 in consideration for serving as a Class Representative.  The enhancement award is in addition to the claim share to which Plaintiff is entitled along with all other Settlement Class Members. Plaintiff hereby understands and agrees that, except for employment resulting from Defendant's or the Released Parties' acquisition of an existing employer of Plaintiff, he is not eligible for future employment with Defendant or any of the Released

Parties, that he will not seek or apply for any such employment, that Defendant and the Released Parties are under no obligation and can decline to hire Plaintiff if he applies for or seeks such employment, and Defendant and the Released Parties can terminate Plaintiff's employment sought and obtained in violation of the foregoing without obtaining Defendant's written consent.  The non-approval by the Court of any requested Class Representative Enhancement shall not be a basis for terminating this Agreement.

15.    In the event that a lesser sum is awarded for the attorneys' fees and costs referenced above in Paragraph 13, or for the Enhancement Award referenced above in Paragraph 14, the approval by the Court of any such lesser sum(s) shall not be grounds for Plaintiff and/or Class Counsel to terminate the settlement, but such an order shall be appealable by them.  In the event that such an appeal is filed, administration of the settlement shall be stayed pending resolution of the appeal. Thereafter, if after the exhaustion of such appellate review, any additional amounts remain which are distributable to the Settlement Class Members, the cost of administration of such additional payments will be paid out of such additional amounts, and will not be chargeable to or payable by Defendant. Any amount not awarded in fees and/or costs, or enhancement awards, but which is not challenged via appeal by Plaintiff and/or Class Counsel, shall be added to the Net Settlement Fund and distributed to the Settlement Class Members in accordance with the terms of the Settlement Agreement.

16.    Costs of Administration:  Subject to Court approval, the Parties designate Simpluris to administer the settlement in this action ("Settlement Administrator"), which Class Counsel has obtained a binding commitment from to administer the settlement for fees and costs not to exceed $10,000. The Settlement Administrator's duties of administration shall include, without limitation, receiving and updating through normal and customary procedures the Class List to be produced by Defendant, so that it is updated prior to the Notice being mailed, printing and mailing the Court approved Notice of Class Action Settlement, performing necessary additional skip traces on Notices and/or checks returned as undeliverable, calculating Settlement Class Members' shares of the Net Settlement Fund, preparing and mailing of settlement checks, establishing a settlement website as

described hereafter, responding to Settlement Class Member inquiries as appropriate, preparing any appropriate tax forms in connection with the settlement payments and remitting those forms to the appropriate governmental agencies, and generally performing all normal and customary duties associated with the administration of such settlements.  All class administration fees for the Settlement Administrator's services will be paid out of the Settlement Fund.  The Settlement Administrator will coordinate the calculations of the payroll taxes and deductions with Defendant to ensure that, to the extent such taxes and deductions are or could be deemed to have been made by the Settlement Administrator on behalf of Defendant by government taxing authorities, they are made in compliance with Defendant's tax withholding and remittance obligations for such payments.

17.    No Claim Form Required:  Settlement Class Members shall share in the Net Settlement Fund referred to in Paragraph 11, as set forth in more detail in Paragraph 18 hereafter. Settlement Class Members shall not be required to complete a claim form.  Settlement Class Members shall receive a Notice of Class Action Settlement informing them of the terms of the Settlement and providing them with an estimate of their share of the Net Settlement Fund.  Unless a class member elects to opt out of the settlement, a check representing each class member's settlement payment will be mailed to them pursuant to the terms of this Settlement Agreement.

18.    Calculation of Settlement Class Members' Shares of the Net Settlement Fund:  Each Settlement Class Member's share of the NSF shall be calculated by multiplying the Net Settlement Fund by a point value fraction, the numerator of which is the total number of full or partial calendar weeks a Settlement Class Member was employed by Defendant in Washington during the Settlement Class Period and the denominator of which is the total number of full or partial calendar weeks all of the Settlement Class Members were employed by Defendant in Washington during the Settlement Class Period.  Such calendar weeks shall be calculated by the Settlement Administrator from Defendant's records as reflected on the Class List (as defined below).

19.    Opt-Out and/or Objection Rights to Settlement:  The Notice of Class Action Settlement mailed to all Settlement Class Members will advise each class member of their right to

STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
ACTION CLAIMS - 8
NO.:  3:16-cv-05303-BHS

opt-out of the Settlement Agreement, or object to all or any part of the Settlement Agreement.  Any Settlement Class Member who wishes to present an opt-out from the Settlement Agreement, or an objection, shall be advised that they must submit any such opt-out or objection in writing to the Settlement Administrator postmarked no later than thirty (30) calendar days from the date of mailing of the Notice of Class Action Settlement to the Settlement Class Members.  Any opt-out submission must contain the following language, in order to effectuate the class member's election to opt-out:  "I elect to opt out of the Eilerman v. McLane Company, Inc. dba McLane/Northwest class action settlement.  I understand that by doing so, I will not be able to participate in the settlement, and will not receive a share of the settlement proceeds."  The Notice of Class Action Settlement shall include the specific address for a class member to use when mailing an opt-out letter. In the event of the election to submit an Objection, each Objection must contain the full name, current home (or mailing) address, and last four digits of the Social Security number of the objector, and must state the grounds for the objection.  If an objector wishes to be heard at the time of the hearing on final approval, he/she must notify the Court and all counsel in writing not less than 30 days before the scheduled date of the Final Approval hearing of the intention to appear.   In the event that more than 10% of the class members submit elections to opt-out of the settlement, Defendant will have the right to rescind and terminate the settlement without prejudice to its pre-settlement positions and defenses in the Litigation.  Should the 10% threshold for opt-outs be exceeded, the Settlement Administrator shall notify lead counsel for all parties via email immediately.  In addition, if at any time on or before the Effective Date federal legislation is enacted expressly providing that any of the types of claims being asserted in the Litigation are preempted by federal law, then Defendant will have the right to rescind and terminate the settlement without prejudice to its pre-settlement positions and defenses in the Litigation, without any financial obligation related to the proposed settlement set forth herein other than to pay for the costs of administration of the settlement incurred by the Settlement Administrator through the time of such rescission and termination.

20.   <u>Challenges to Calculations</u>:   A Settlement Class Member may dispute the amount of

his or her settlement payment, and the number of workweeks used to calculate the settlement payment, by timely sending a written notice to the Settlement Administrator informing the Settlement Administrator of the nature of the dispute and providing any records or documentation supporting the Settlement Class Member's position.  To be considered timely, any dispute regarding the settlement payment or the underlying data used to calculate the settlement payment must be submitted by the Settlement Class Member within thirty (30) days of the mailing of the Notice of Class Action Settlement.  In response to any timely dispute, Defendant will first verify the information contained in the Settlement Class Member's personnel file and Defendant's payroll records.   Unless the Settlement Class Member can establish a different period of employment based on documentary evidence, the total number of workweeks established by Defendant's records will control.  Class Counsel and Defendant's Counsel will then make a good faith effort to resolve the dispute informally. If counsel for the parties cannot agree, the dispute shall be resolved by the Settlement Administrator, who shall examine the records provided by the Defendant and the Settlement Class Member, and shall be the final arbiter of disputes relating to a Settlement Class Member's workweeks.   The Settlement Administrator's determination regarding any such dispute, which must occur prior to the filing of a motion for final approval of this settlement, shall be final for purposes of administering notice of the Settlement, subject to final review, determination and approval by the Court.

21.   <u>Funding of Settlement</u>:  Within ten (10) business days (excluding weekends and holidays) following the occurrence of the Effective Date of the Settlement as defined above, Defendant shall transfer the total settlement amount of Seven Hundred Seventy Five Thousand Dollars ($775,000.00) to an account specifically created by the Settlement Administrator for the administration of this settlement.  Within ten (10) business days (excluding weekends and holidays) following Defendant's deposit of the Settlement funds into the account created by the Settlement Administrator, the Settlement Administrator shall distribute the funds in accordance with the terms of this Settlement Agreement as approved by the Court, including the settlement awards from the NSF to all Settlement Class Members who have not opted-out of the settlement, and the Court-

approved attorneys' fees, costs and enhancement awards..  No funds will be payable by Defendant prior to that time.

22.   <u>Tax Treatment of Settlement Payments</u>:

a.   Settlement awards will be allocated one-third (1/3) for unpaid wages inclusive of all types of applicable employer-paid and employee-paid payroll withholdings and taxes, one-third (1/3) for statutory or other non-wage damages, and one-third (1/3) for interest.

b.   Each recipient of any monies paid in accordance with this Settlement Agreement is responsible for any taxes associated with the monies received by each recipient.

c.   If required by state or federal tax requirements, the Settlement Administrator will prepare appropriate W-4 payroll tax deductions for that portion of each settlement payment on which payroll tax withholdings are required.  Where otherwise required, the Settlement Administrator will prepare a Form 1099 for Settlement Class Members.  The 1099 form will reflect each Settlement Class Member's non-wage income.  The Settlement Administrator will be responsible for preparing these forms correctly.  Settlement Class Members will be responsible for correctly characterizing the compensation that they receive pursuant to the Form 1099 and for payment of any taxes owing on said amount.

d.   The Parties acknowledge and agree that neither Defendant nor its attorneys have made any representations regarding the tax consequences of the settlement payments made under this Settlement Agreement.  Settlement Class Members will be required to pay all federal, state or local taxes, if any, which are required by law to be paid with respect to the settlement payments. The parties further agree that Defendant shall have no legal obligation to pay, on behalf of Settlement Class Members, any taxes, deficiencies, levies, assessments, fines, penalties, interest or costs, which may be required to be paid with respect to the settlement payments.

23.   <u>Tax Treatment of Class Representative Enhancement Award</u>:   The Class Representative will receive an IRS Form 1099 for his individual enhancement award prepared by the Settlement Administrator, and will be responsible for correctly characterizing this additional

1  compensation for tax purposes and for payment of any taxes owing on said amount.

2      24.    Undistributed Funds:   In the event that any checks mailed to Settlement Class

3  Members remain uncashed after the expiration of 180 days, or an envelope mailed to a Settlement

4  Class Member is returned and no forwarding address can be located for the Settlement Class Member

5  after reasonable efforts have been made, then any such funds shall be transmitted by the Settlement

6  Administrator pursuant to governing Washington law to the Washington State Department of

7  Revenue Unclaimed Property Fund, to be held there in the name of and for the benefit of such class

8  members under Washington's escheatment laws.

9                         **NOTICE TO THE CLASS**

10     25.    Compilation of Class List:   The Parties agree that within fifteen (15) business days

11  (excluding weekends and holidays) after preliminary approval of this Settlement Agreement by the

12  Court, Defendant will provide a final "Class List" to the Settlement Administrator, which list shall

13  include the following most up to date information about each Settlement Class Member in an

14  electronic format:

15          (1) name; (2) last known home address and telephone number; (3) Social

16          Security Number; (4) hire date of record with Defendant, (5) termination date

17          of record if applicable; and (6) start and end dates of working as a truck driver

18          for Defendant in Washington during the Settlement Class Period.

19     The final Class List will be designated as Highly Confidential, Attorneys' Eyes Only, under

20  the Protective Order entered in the Litigation and, as a condition precedent to it being provided by

21  Defendant, the Settlement Administrator will be required to sign and provide to Defendant the

22  Acknowledgment of being bound by the protective order as entered by the Court.  The final Class List

23  shall be used only by the Settlement Administrator and only for purposes of administering the

24  settlement, and nothing in this Settlement Agreement limits the use of it for that purpose.

25     The Settlement Administrator will perform normal and customary address updates and

26  verifications as necessary prior to the mailing of the Notice to the Settlement Class, and will calculate

27  STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
   ACTION CLAIMS - 12
28  NO.:  3:16-cv-05303-BHS

the number of applicable calendar weeks for each Settlement Class Member.  Once the final Class List has been received from Defendant, and updated as stated herein, the list shall then be referred to as the "Class Data List."  In response to any dispute raised by a putative Settlement Class Member about their omission from the Class List, Defendant will first verify the information contained in the putative Settlement Class Member's personnel file and Defendant's payroll records. Unless the putative Settlement Class Member can establish that they should have been included on the Class List based on documentary evidence, Defendant's records will control.  Class Counsel and Defendant's Counsel will then make a good faith effort to resolve the dispute informally.  If counsel for the parties cannot agree, the dispute shall be resolved by the Settlement Administrator, who shall examine the records provided by the Defendant and the putative Settlement Class Member, and shall be the final arbiter of disputes relating to a putative Settlement Class Member's omission from the Class List. The Settlement Administrator's determination regarding any such dispute shall be final for purposes of administering notice of the Settlement, subject to final review, determination and approval by the Court.

26.    Dissemination of Notice of Class Action Settlement: Within ten (10) business days of its receipt of the Class Data List, the Settlement Administrator will send the Settlement Class Members, by first-class mail, at their last known address or such other address as located by the Settlement Administrator, the court-approved Notice of Class Action Settlement in the form attached hereto as **Exhibit A**.

## RELEASE BY THE CLASS

27.    Upon final approval by the Court, each Settlement Class Member who has not opted-out of the settlement will release McLane Company, Inc. dba McLane/Northwest, and each of its affiliates, parent companies, subsidiaries, shareholders, officers, officials, partners, directors, members, owners, servants, employees, employers, agents, contractors, attorneys, insurers, predecessors, representatives, accountants, executors, personal representatives, successors and assigns, past, present, and future, and each and all of their respective officers, partners, directors,

members, owners, servants, agents, shareholders, employees, employers, agents, contractors, representatives, executors, personal representatives, accountants, insurers, attorneys, pension, profit sharing, retirement savings, health and welfare, and any other employee benefit plans of any nature and the respective trustees, administrators, sponsors, fiduciaries, successors, agents and employees of all such plans, predecessors, successors and assigns, past, present, and future, and all persons acting under, by, through, or in concert with any of them, of and from any and all allegations, claims, debts, rights, demands, charges, complaints, actions, causes of action, guarantees, costs, expenses, attorneys' fees, damages, obligations or liabilities of any and every kind, contingent or accrued, arising out of or related to the claims and allegations made in the Complaint and/or otherwise in connection with the Litigation, including without limitation as to the payment of compensation, provision of breaks required under applicable law(s) or regulation(s), and/or wage or payroll statements provided by Defendant, through and including December 31, 2016.

### **ADDITIONAL RELEASE BY CLASS REPRESENTATIVE**

28.     In addition to the Release set forth in Paragraph 28, Plaintiff and Class Representative, for himself alone, releases McLane Company, Inc. dba McLane/Northwest and each of its affiliates, parent companies, subsidiaries, shareholders, officers, officials, partners, directors, members, owners, servants, employees, employers, agents, contractors, attorneys, insurers, predecessors, representatives, accountants, executors, personal representatives, successors and assigns, past, present, and future, and each and all of their respective officers, partners, directors, members, owners, servants, agents, shareholders, employees, employers, agents, contractors, representatives, executors, personal representatives, accountants, insurers, attorneys, pension, profit sharing, retirement savings, health and welfare, and any other employee benefit plans of any nature and the respective trustees, administrators, sponsors, fiduciaries, successors, agents and employees of all such plans, predecessors, successors and assigns, past, present, and future, and all persons acting under, by, through, or in concert with any of them, of and from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action,

STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
ACTION CLAIMS - 14
NO.: 3:16-cv-05303-BHS

contingent or accrued, known or unknown, which do or may exist as of the date of the execution of this Settlement Agreement and through and including the date of Final Approval of this Settlement Agreement.

## INJUNCTION BARRING PURSUIT OF RELEASED CLAIMS

29.     As part of the final approval of the Settlement, Plaintiff and Settlement Class Members who do not opt-out of the settlement shall be enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings in court, arbitration, with the Washington State Department of Labor & Industries, or with any other entity, with respect to the claims released as described in Paragraphs 28 and 29, above.  This settlement is conditioned upon the release by Settlement Class Members and Plaintiff as described in Paragraphs 28 and 29 above, and upon covenants by Plaintiff and all Settlement Class Members who do not opt-out of the settlement that they will not and cannot participate in any actions, lawsuits, proceedings, complaints or charges brought individually, by the Washington State Department of Labor & Industries, or by any other agency, persons or entity in any court, arbitration or before any administrative body with respect to the claims released as described in Paragraphs 28 and 29, above, nor will such Settlement Class Members or Plaintiff contest or interfere with efforts by Defendant or by any other released parties to oppose any attempt to bring such released claims against any of them.  Additionally, it is agreed herein that neither injunctive or declaratory relief, nor any equitable relief beyond what could be characterized as restitution of claimed unpaid wages required to be paid pursuant to this Settlement Agreement, will be ordered by the Court against Defendant in final approval of the settlement, which will otherwise be grounds for Defendant rescinding and terminating this Settlement Agreement.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

30.     The Parties shall promptly seek the Court's approval of this settlement.  As soon as practicable after execution of this Settlement Agreement, Class Representative and Class Counsel shall apply to the Court for the entry of a preliminary approval order which would accomplish the following:

a.      Schedule a final fairness hearing on the question of whether the settlement, including the payment of attorneys' fees and costs and the Class Representative's enhancement award should be finally approved as fair, reasonable, and adequate, and finally resolving any outstanding issues or disputes remaining from the administration of the notice of the settlement;

b.      Approve, as to form and content, the proposed Notice of Proposed Class Action Settlement;

c.      Direct the mailing of the Notice of Proposed Class Action Settlement by first class mail to the Settlement Class Members;

d.      Preliminarily approve the settlement subject to the final review and approval by the Court;

e.      Preliminarily approve the Settlement Administrator selected by Class Counsel as the Settlement Administrator and approving payment of the reasonable charges of the Settlement Administrator;

f.      Preliminarily approve Class Counsel's request for attorneys' fees and litigation expenses and costs subject to final review and approval by the Court; and

g.      Preliminarily approve Class Counsel's request that Class Representative receive an enhancement award in the amount of up to $5,000.00 subject to final review and approval by the Court.

Not later than three court days prior to the submission of the motion for preliminary approval of this Settlement Agreement to the Court, Plaintiff's counsel will submit a near-final draft thereof (including all supporting papers and proposed order) to counsel for Defendant for their review and comment.

## DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL

31.    In conjunction with the request for final approval of the Settlement provided for in this Settlement Agreement, Class Counsel will submit a proposed final order and Judgment:

a.      Granting Final Approval of the Settlement, adjudging the terms thereof to be

fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b. Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

c. Approving the enhancement award to the Class Representative;

d. Permanently enjoining and restraining Plaintiff and Settlement Class Members who do not opt-out of the settlement from and against initiating or pursuing any claims settled herein and released by this settlement; and

e. Dismissing this Action on the merits and with prejudice.

Not later than three calendar days prior to the submission of the motion(s) seeking the foregoing, Plaintiff's counsel will submit a near-final draft thereof (including all supporting papers and proposed order) to counsel for Defendant for their review and comment.

## PARTIES' AUTHORITY

32. The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

33. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to execution of such documents and to take such other actions as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's preliminary approval of this Settlement Agreement.

## NO PRIOR ASSIGNMENTS

34. The Parties hereto represent, covenant, and warrant that they have not, directly or

1    indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any

2    person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein

3    released and discharged except as set forth herein.

4                                    **CONSTRUCTION**

5           35.    The Parties hereto agree that the terms and conditions of this Settlement Agreement

6    are the result of lengthy, intensive, arms-length mediated negotiations between the Parties, conducted

7    under the auspices of mediator Hon. Edward Infante (Ret.), a highly respected and experienced class

8    action mediator.  The Parties further agree that this Settlement Agreement shall not be construed in

9    favor of, or against, any party by reason of the extent to which any party, or his or its counsel,

10   participated in the drafting of this Settlement Agreement.

11                          **CAPTIONS AND INTERPRETATIONS**

12          36.    Paragraph titles or captions contained herein are inserted as a matter of convenience

13   and for reference, and in no way define, limit, extend, or describe the scope of this Settlement

14   Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not

15   merely a recital.

16                                    **MODIFICATION**

17          37.    This Settlement Agreement may not be changed, altered, or modified, except in

18   writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may

19   not be discharged except by performance in accordance with its terms or by a writing signed by the

20   Parties hereto.

21                                  **INTEGRATION CLAUSE**

22          38.    This Settlement Agreement contains the entire agreement between the Parties relating

23   to the settlement and the transaction contemplated hereby, and all prior or contemporaneous

24   agreements, understandings, representations, and statements, whether oral or written and whether by

25   a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except

26   in writing.

27   STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
     ACTION CLAIMS - 18
28   NO.:  3:16-cv-05303-BHS

1

**BINDING ON ASSIGNS**

2      39.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties

3   hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

4

**CLASS COUNSEL SIGNATORIES**

5      40.    It is agreed that because of the large number of Settlement Class Members, it is

6   impossible or impractical to have each Settlement Class Member execute this Settlement Agreement.

7   As such, Class Counsel is signing on behalf of their respective Sub-classes.  In addition, the Notice

8   of Class Action Settlement, attached hereto as **Exhibit A**, will advise all Settlement Class Members

9   of the binding nature of the Release and such shall have the same force and effect as if this Settlement

10   Agreement were executed by each Settlement Class Member.

11

**CONFIDENTIALITY**

12      41.    Plaintiff and Class Counsel will maintain the proposed settlement and this Settlement

13   Agreement as confidential and not publicly disclose the same except as set forth herein and in

14   Paragraph 43 below.  Except as set forth in Paragraph 43 below, or as otherwise agreed in writing

15   between the Parties, both before and following the execution of this Settlement Agreement by the

16   Parties and their counsel, there will be no direct or indirect comment or publication by Plaintiff and

17   Class Counsel of the settlement in terms of affirmative or responsive media statements/comments,

18   press releases or conferences, website postings or content, social media postings or content, other

19   Internet postings or content, subscribed email messages, newsletters, disseminated updates, mass

20   mailings, or any other comment or publication to the press, media or public at large.  This shall not

21   apply to or limit the public filing of motions or other case materials by Class Counsel in the Litigation

22   or in other class action litigation in which Class Counsel is seeking appointment as counsel for a

23   certified class ("Other Actions"), related to seeking and obtaining Court approval of the proposed

24   settlement and the related awards of attorneys' fees and costs, enhancements and the other relief set

25   forth in this Settlement Agreement or in proposed settlements in Other Actions, or to communications

26   between Class Counsel and Plaintiff or Settlement Class Members in the Litigation, except that prior

27

28

STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
ACTION CLAIMS - 19
NO.:  3:16-cv-05303-BHS

1    to the filing of the motion for preliminary approval of the Settlement in the Litigation, Class Counsel

2    shall not discuss the settlement with Settlement Class Members other than the named Plaintiff.  The

3    parties understand and agree that there may be media coverage of the settlement of the Litigation not

4    initiated by Plaintiff or Class Counsel, directly or indirectly.  It is also agreed and understood that the

5    Parties and each and every Settlement Class Member, may disclose the settlement to their families,

6    plus their legal, tax, or accounting advisors, insurance companies, or as required by law, regulatory

7    rules or regulatory requirements.

8                                                    **WEBSITES**

9           42.      The Parties agree that the Settlement Administrator may use U.S. Mail and an

10   information-only website to provide notice and information about the settlement to Settlement Class

11   members.  The domain name used for the Settlement Administrator's website for the settlement will

12   be subject to Defendant's reasonable approval.  Not later than 90 days after the settlement payments

13   and checks are mailed to the Settlement Class by the Settlement Administrator, the Settlement

14   Administrator's website for the settlement will be taken down.

15                                                 **COUNTERPARTS**

16          43.      This Settlement Agreement may be executed in counterparts, and when each party has

17   signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and,

18   when taken together with other signed counterparts, shall constitute one Settlement Agreement,

19   which shall be binding upon and effective as to all Parties.

20                                                 **GOVERNING LAW**

21          44.      The Parties agree that Washington law governs the interpretation and application of

22   this Settlement Agreement, except to the extent governed by federal law in which case federal law

23   will apply.

24

25   DATED: 01-23-2017                          _____

26                                              STEVEN EILERMAN
                                                Plaintiff and Proposed Class Representative

27   STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
     ACTION CLAIMS - 20
28   NO.: 3:16-cv-05303-BHS

DATED:_____     MCLANE COMPANY, INC. dba
                            MCLANE/NORTHWEST


                            By:_____

                            Name: _____

                            Title: _____

           **AGREED AND APPROVED AS TO FORM AND CONTENT:**


                            **HAMMONDLAW, PC**

                            **ACKERMANN & TILAJEF, PC**

                            **INDIA LIN BODIEN, ATTORNEY AT LAW**


                            By: _____
                               Julian Hammond (*Admitted Pro Hac Vice*)
                               Polina Pecherskaya (*Admitted Pro Hac Vice*)
                               Ari Cherniak (*Admitted Pro Hac Vice*)
                               1829 Reisterstown Rd., Suite 410
                               Baltimore, MD 21208
                               Tel: 310.601.6766
                               Fax: 310.295.2385
                               Email: jhammond@hammondlawpc.com
                               Email: ppecherskaya@hammondlawpc.com
                               Email: acherniak@hammondlawpc.com

                               Craig J. Ackermann (*Admitted Pro Hac Vice*)
                               1180 South Beverly Drive, Suite 610
                               Los Angeles, California 90035
                               Tel:  310.277.0614
                               Fax: 310.277.0635
                               Email: cja@ackermanntilajef.com

                               India Lin Bodien
                               WSBA No. 44898
                               Email: india@indialinbodienlaw.com
                               2522 North Proctor Street, #387
                               Tacoma, Washington 98406-5338
                               Tel: 253.212.7913
                               Fax: 253.276.0081

                            Attorneys for Plaintiff
                            STEVEN EILERMAN

STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
ACTION CLAIMS - 21
NO.:  3:16-cv-05303-BHS

DATED: _1/30/2017_                    MCLANE COMPANY, INC. dba
                                      MCLANE/NORTHWEST


                                      By: _____

                                      Name: _Charles L FREEMAN JR_

                                      Title: _Division PRESIDENT, NW Division_

              **AGREED AND APPROVED AS TO FORM AND CONTENT:**


                                      **HAMMONDLAW, PC**

                                      **ACKERMANN & TILAJEF, PC**

                                      **INDIA LIN BODIEN, ATTORNEY AT LAW**


                                      By: _____
                                      Julian Hammond (*Admitted Pro Hac Vice*)
                                      Polina Pecherskaya (*Admitted Pro Hac Vice*)
                                      Ari Cherniak (*Admitted Pro Hac Vice*)
                                      1829 Reisterstown Rd., Suite 410
                                      Baltimore, MD 21208
                                      Tel: 310.601.6766
                                      Fax: 310.295.2385
                                      Email: jhammond@hammondlawpc.com
                                      Email: ppecherskaya@hammondlawpc.com
                                      Email: acherniak@hammondlawpc.com

                                      Craig J. Ackermann (*Admitted Pro Hac Vice*)
                                      1180 South Beverly Drive, Suite 610
                                      Los Angeles, California 90035
                                      Tel:  310.277.0614
                                      Fax: 310.277.0635
                                      Email: cja@ackermanntilajef.com

                                      India Lin Bodien
                                      WSBA No. 44898
                                      Email: india@indialinbodienlaw.com
                                      2522 North Proctor Street, #387
                                      Tacoma, Washington 98406-5338
                                      Tel: 253.212.7913
                                      Fax: 253.276.0081

                                      Attorneys for Plaintiff
                                      STEVEN EILERMAN

STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
ACTION CLAIMS - 21
NO.:  3:16-cv-05303-BHS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MCGUIREWOODS LLP**

**MILLS MEYERS SWARTLING P.S.**

By:

Matthew C. Kane (*Admitted Pro Hac Vice*)
Sabrina A. Beldner (*Admitted Pro Hac Vice*)
Sylvia J. Kim (*Admitted Pro Hac Vice*)
1800 Century Park East, Eighth Floor
Los Angeles, CA 90067
Tel: 310.315.8200
Fax: 310.315.8210
Email: mkane@mcguirewoods.com
Email: sbeldner@mcguirewoods.com
Email: skim@mcguirewoods.com

Kasey D. Huebner
WSBA No. 32890
1000 2nd Avenue, 30th Floor
Seattle, WA 98104
Tel: 206.382.1000
Email: khuebner@millsmeyers.com

Attorneys for Defendant
MCLANE COMPANY, INC. dba
MCLANE/NORTHWEST

STIPULATION FOR SETTLEMENT AND RELEASE OF CLASS
ACTION CLAIMS - 22
NO.: 3:16-cv-05303-BHS

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| STEVEN EILERMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MCLANE COMPANY, INC. DBA MCLANE/NORTHWEST, <br><br> Defendant. | Case No.  3:16-cv-05303-BHS <br><br><br> NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING |

TO:   ALL INDIVIDUALS WHO (1) RESIDED IN WASHINGTON STATE, (2) WERE EMPLOYED BY MCLANE COMPANY, INC. DBA MCLANE/NORTHWEST ("DEFENDANT" OR "MCLANE") AS A TRUCK DRIVER, (3) WHO DROVE AT LEAST ONE ROUTE OF THREE HOURS OR MORE WITHIN WASHINGTON STATE, AND (4) WHO WERE PAID ON A "PER MILE" PIECE-RATE BASIS, AT ANY TIME FROM MARCH 17, 2013 THROUGH AND INCLUDING DECEMBER 31, 2016 (THE "SETTLEMENT CLASS")

**PLEASE READ THIS NOTICE CAREFULLY.  YOU ARE NOT BEING SUED.  A SETTLEMENT HAS BEEN REACHED IN A LAWSUIT INVOLVING DEFENDANT AND ITS EMPLOYEES.**

**DEFENDANT'S RECORDS INDICATE THAT YOU ARE ENTITLED TO A PAYMENT FROM THE SETTLEMENT BECAUSE YOU WERE EMPLOYED BY AND WORKING FOR DEFENDANT AS A TRUCK DRIVER IN WASHINGTON STATE BETWEEN MARCH 17, 2013 AND DECEMBER 31, 2016 (THE "SETTLEMENT CLASS PERIOD").  THEREFORE YOU ARE ENTITLED TO A SETTLEMENT PAYMENT FROM THE SETTLEMENT OF THE LAWSUIT AGAINST DEFENDANT.**

**AFTER READING THIS NOTICE, IF YOU WISH TO RECEIVE YOUR SETTLEMENT PAYMENT, THEN THERE IS NOTHING MORE THAT YOU NEED TO DO.  A CHECK WILL BE MAILED TO YOU AT THE ADDRESS THIS NOTICE WAS MAILED TO YOU ONCE THE SETTLEMENT BECOMES FINAL.**

**HOWEVER, IF YOU DO NOT WANT TO BE A PART OF THE SETTLEMENT AND YOU DO NOT WANT TO RECEIVE YOUR PAYMENT, THEN YOU MUST SUBMIT A REQUEST FOR EXCLUSION ON OR BEFORE [insert the final date for exclusions – 30 days from mailing] IN ORDER TO BE EXCLUDED FROM THE SETTLEMENT CLASS.**

**ADDITIONALLY, IF YOU WISH TO FILE AN OBJECTION TO THE SETTLEMENT, YOU MUST DO SO ON OR BEFORE [insert the final date for objections – 30 days from mailing].**

Pursuant to the order of United States District Judge Benjamin Settle, entered on _____, 2017, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A settlement has been reached between the parties in the lawsuit described above, which has been litigated in the United States District Court, Western District of Washington, on behalf of the Settlement Class described above. You have received this notice because Defendant's records indicate that you qualify as a member of the Settlement

**Exhibit A**

Class. The purpose of this Notice is to inform you about the settlement and about how you can participate in this settlement, or how you can choose to object to or be excluded from the settlement.

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement, which can be viewed at www._____.com, or by contacting class counsel at the address listed on the last page of this Notice, or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.wawd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Washington, Tacoma Courthouse, 1717 Pacific Avenue, room 3100, Tacoma, Washington, 98402, between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE PAYMENT PROCESS.**

## I.   BACKGROUND OF THE CASE

On March 17, 2016, Plaintiff Steven Eilerman filed a proposed class action against Defendant McLane Company, Inc. dba McLane/Northwest, in the Superior Court of the State of Washington, County of Pierce, and is now being litigated in the United States District Court for the Western District of Washington (the "Litigation").

In the operative Complaint, Plaintiff alleges, among other things, that members of the Settlement Class were not properly paid for rest break time as allegedly required under Washington state law, were not provided such rest breaks, and were not provided itemized wage statements that comply with the requirements of Washington law, and seeks various damages and/or penalties flowing from the allegedly improper practices, plus attorneys' fees, costs and interest as may be awarded by the Court or the jury.

Plaintiff has vigorously prosecuted this case, and Defendant has vigorously defended it. The Parties have engaged in investigation and mediation to assess the merits of the claims and the defenses to those claims, including data analysis and damages modeling using retained experts.

Class Counsel in this case believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted, and of course no one can predict how the various legal questions in the lawsuit, including the amount of damages, would ultimately be resolved. Therefore, after careful consideration of all of the facts and circumstances of this case, and after full mediated settlement negotiations, Class Counsel believe that the proposed settlement is fair, reasonable and adequate, and in the best interests of the members of the Settlement Class.

The Parties have entered into a Settlement Agreement which has now been reviewed and granted preliminary approval by the Court. The Court has also conditionally certified this case to proceed as a class action for purposes of this settlement and appointed Class Counsel. As discussed in Section V of this Notice, the Court will hold a hearing to determine whether to grant final approval of the Settlement Agreement.

## II.   SUMMARY OF THE PROPOSED SETTLEMENT

The Class Representative and Class Counsel support this settlement. The reasons for supporting a settlement include the risk that a class may not be certified, the risk that class members could recover substantially less as a result of further litigation, the risk of going to trial and then losing such that no one would recover anything, and the delays associated with further litigation, including the high likelihood that even if Plaintiff were to win at trial, Defendant would then pursue its right to appeal any judgment. In addition, significant risk of Plaintiff and/or the class members recovering nothing without going to trial exists related to Defendant's intended assertion of federal preemption defenses to the Washington state law claims being pursued in the Litigation.

**The settlement provides for the following:**

2

**Exhibit A**

**A.   Settlement Class:**  all individuals who (1) resided in Washington State, (2) were employed by Defendant as a truck driver, (3) who drove at least one route of three hours or more within Washington State, and (4) who were paid on a "per mile" piece-rate basis, at any time from March 17, 2013 through and including December 31, 2016.

**B.   Settlement Formula:**

The total settlement to be paid by Defendant will be Seven Hundred and Seventy-Five Thousand Dollars ($775,000.00) (the "Settlement Fund") if the Court approves the settlement.  From the $775,000.00 Settlement Fund, deductions will be made from the total for the payment of the Court approved attorneys' fees and costs to Class Counsel, for the class representative enhancement to be paid to the Plaintiff who stepped forward to lead the lawsuit, as well as for the cost of the Settlement Administrator to administer the Settlement.  The amount that remains after these Court approved deductions is referred to as the Net Settlement Fund ("NSF").  Specifically included in the NSF are employee payroll taxes and Defendant's obligations for all types of applicable employer-side payroll taxes which may be owed as a result of the payments to be made to the Settlement Class Members.  In this case, the NSF is expected to be approximately $xxxxxxx.

Each Settlement Class Member will be entitled to a settlement payment based on a payment ratio representing his or her proportionate share of the NSF based on a distribution formula that will be calculated for each Settlement Class Member as follows:  Each Settlement Class Member's share of the NSF shall be calculated by multiplying the Net Settlement Fund by a point value fraction, the numerator of which is the total number of full or partial calendar weeks a Settlement Class Member was employed by Defendant in Washington during the Settlement Class Period and the denominator of which is the total number of full or partial calendar weeks all of the Settlement Class Members were employed by Defendant in Washington during the Settlement Class Period.  Such calendar weeks shall be calculated by the Settlement Administrator from Defendant's records as reflected on the Class List Defendant provides to the Settlement Administrator.

**C.   Your estimated settlement payment:**

Based on preliminary estimates, the net amount of the settlement payment you would receive would be approximately $_____, which is the net amount after subtraction of employer and employee payroll taxes, and after the deductions for the fees, costs, incentive awards, and administration expenses, as mentioned above.  It is estimated that you were employed __ calendar weeks as a Settlement Class Member for Defendant in Washington during the applicable Settlement Class Period.

If you wish to dispute the determination of your number of calendar weeks as set forth above, you must notify the Settlement Administrator in writing **by email or mail**, no later than **thirty (30) days after the mailing of this notice**.  The **address is set forth in Section III.C below**.  Please provide any proof you may have that you were employed more calendar weeks than the number provided in this notice.

**D.   Release:** Each Settlement Class Member who does not timely exclude himself or herself from the Settlement (following the procedures specified in Section III.C. below) will release Defendant McLane Company, Inc., and all related or affiliated entities, from any and all claims each Settlement Class Member may have arising out of or related to the claims and allegations made in connection with the Litigation, as described below in Section IV.A.

**E.   Class Representative:** The Class Representative is Steven Eilerman.  The Class Representative will apply to the Court for a class representative enhancement in such amount as the Court determines to be fair and reasonable, at the time of the Final Approval Hearing.  The Parties' agreement proposes a payment of no more than $5,000.00 to the Class Representative for the enhancement, in addition to the settlement payment to which he is entitled just like all the other Settlement Class Members. Class Counsel considers this amount to be fair, reasonable and adequate given the time which the representative has expended while pursuing the case, the Class

3

**Exhibit A**

Representative's agreement to release all claims against Defendant, the job-related risks that may be faced by the Class Representative in an employment class action, and his willingness to expose himself to the legal system to pursue this case. The Class Representative's motion for approval of the requested enhancement award shall be filed with the Court no later than 15 days before the deadline for the filing of any objections to the final approval of the settlement (discussed in Section III.B. below), and will be available for review online or at the Court file on or after that date.

F.       **Attorneys' Fees and Costs:** The attorneys for the class will ask the Court to award Plaintiff's attorneys' fees, and the requested fees shall not exceed 33% of the Settlement Fund, or $258,333.33. In addition, the attorneys for the class will ask the Court to approve that they be reimbursed for all appropriate costs and expenses incurred by Class Counsel in prosecuting this action, not to exceed $15,000.00. Class Counsel's application for attorneys' fees and reimbursement of expenses shall be filed with the Court no later than 15 days before the deadline for the filing of any objections to the final approval of the settlement (discussed in Section III.B below), and will be available for review online or at the Court file on or after that date.

G.       **Costs of Settlement Administration:** In addition, the attorneys for the class will seek the Court's approval to pay the costs of settlement administration out of the total settlement payment, not to exceed $10,000.00 to be paid to the third party settlement administrator, Simpluris.

I.       **Unclaimed Funds:**  In the event that any checks mailed to Settlement Class Members remain uncashed after the expiration of 180 days, or an envelope mailed to a Settlement Class Member is returned and no forwarding address can be located for the Settlement Class Member after reasonable efforts have been made, then the Settlement Administrator will arrange for the funds to be transmitted to the Washington State Department of Revenue Unclaimed Property Fund, to be held there in the name of and for the benefit of such class members under Washington's escheatment laws.

## III.    WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

Your interests as a Settlement Class Member are represented by the Class Representative and by the Court appointed Class Counsel. You will receive a settlement check from the settlement <u>unless</u> you opt out of the Settlement Class, and as a member of the Settlement Class, you will then be bound by the terms of the Settlement Agreement and any final judgment that may be entered by the Court, and you will be deemed to have released certain claims against Defendant as described below. As a member of the Settlement Class, you will not be individually responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

### A.       Participating in the Settlement

If you were employed by or working for Defendant as a truck driver as set forth in the definition of the "Settlement Class," above, from March 17, 2013 through December 31, 2016, and you have received this Settlement Notice packet, then it has been determined that you qualify for inclusion in the Settlement Class. **If you wish to participate in the settlement and receive your payment, you are not required to take any action. There is nothing that you need to do.** If the Court grants final approval of the settlement and you qualify as a Settlement Class member, you will receive your settlement payment calculated as described above. You will also be bound by the terms of the settlement and will release Defendant and all related or affiliated entities from any and all claims that you may have based on the allegations in the Litigation.

### B.       Objecting to the Settlement

You can ask the Court to deny approval of the settlement by filing a written objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement described in this Notice. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you believe should happen, you must object.

**Exhibit A**

You must submit any objection to the proposed settlement, including Class Counsel's application for fees, reimbursement of expenses, and class representative's enhancement award, in writing. If you do so, then you may also appear at the Final Approval Hearing, either in person or through your own attorney, provided that you notify the Court and all counsel in writing not less than 30 days before the scheduled date of the Final Approval Hearing of your intention to appear.  If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must (a) clearly identify the case name and number (*Eilerman v. McLane Company, Inc.*, Case No. 3:16-cv-05303-BHS), and (b) be submitted to the Settlement Administrator, postmarked on or before [insert objection deadline], which is the 30th day following the date that this Notice was mailed (the objection deadline), and it must be mailed to:

**Eilerman v. McLane Company, Inc.**
c/o <<NAME>>
<<ADDRESS>>
<<CITY, STATE, ZIP>>
<<EMAIL ADDRESS>>

You must also serve any objection on Class Counsel and counsel for Defendant, at the addresses set forth below in Section VI.

Any written objections shall state each specific reason in support of your objection and any legal support for each objection.  **DO NOT TELEPHONE THE COURT.**

## C.   Excluding Yourself from the Settlement

If you qualify to be part of the Settlement Class but do not wish to participate in the settlement, you may exclude yourself (in other words, you may "opt out") by submitting a written request for exclusion to the Settlement Administrator. Your opt out request must be signed by you personally and must contain the following language, in order to effectuate your election to opt-out: "I elect to opt out of the Eilerman v. McLane Company, Inc. class action settlement.  I understand that by doing so, I will not be able to participate in the settlement, and will not receive a share of the settlement proceeds."  **Your request must be postmarked on or before [insert opt- out deadline] which is the 30th day following the date that this Notice was mailed (the opt-out deadline), and it must be mailed to:**

**Eilerman v. McLane Company, Inc. Settlement Administration**
c/o <<NAME>>
<<ADDRESS>>
<<CITY, STATE, ZIP>>
<<EMAIL ADDRESS>>

Any person who submits a timely written opt-out request shall no longer be a member of the Settlement Class, shall be barred from participating in any portion of the settlement, may not object to the settlement, and shall receive no payment or benefits from the settlement.  Any such person will not release any claims he or she may have against Defendant, and may pursue those claims so long as it is done in conformance with the applicable statute of limitations.  You should consider consulting with an attorney of your own choosing, promptly, if you wish to pursue your own claims.

In the event that more than 10% of the Settlement Class Members submit elections to opt-out of the settlement, Defendant will have the right to rescind and terminate the settlement without prejudice to its pre-settlement positions and defenses in the Litigation.

**Exhibit A**

IV.    **EFFECT OF THE SETTLEMENT**

A.    **Released Rights and Claims**

Upon final approval by the Court, each Settlement Class Member who has not opted-out of the settlement will release McLane Company, Inc. dba McLane/Northwest, and each of its affiliates, parent companies, subsidiaries, shareholders, officers, officials, partners, directors, members, owners, servants, employees, employers, agents, contractors, attorneys, insurers, predecessors, representatives, accountants, executors, personal representatives, successors and assigns, past, present, and future, and each and all of their respective officers, partners, directors, members, owners, servants, agents, shareholders, employees, employers, agents, contractors, representatives, executors, personal representatives, accountants, insurers, attorneys, pension, profit sharing, retirement savings, health and welfare, and any other employee benefit plans of any nature and the respective trustees, administrators, sponsors, fiduciaries, successors, agents and employees of all such plans, predecessors, successors and assigns, past, present, and future, and all persons acting under, by, through, or in concert with any of them, of and from any and all allegations, claims, debts, rights, demands, charges, complaints, actions, causes of action, guarantees, costs, expenses, attorneys' fees, damages, obligations or liabilities of any and every kind, contingent or accrued, arising out of or related to the claims and allegations made in the Complaint and/or otherwise in connection with the Litigation, including without limitation as to the payment of compensation, provision of breaks required under applicable law(s) or regulation(s), and/or wage or payroll statements provided by Defendant, through and including December 31, 2016.

The Class Representative identified in Section II.E, above, is providing a broader general release of any and all claims he may have against Defendant and the other released parties through the date of Final Approval of the Settlement Agreement.

B.    **Payment to Settlement Class Members**

Your distribution from the Settlement Fund will be paid as soon as practicable after the Settlement Administrator is in receipt of the settlement funds.  This will only occur if the Settlement is granted Final Approval by the Court, and then becomes "final", as provided in the Settlement Agreement.  If, at any time on or before the Effective Date of the settlement, federal legislation is enacted expressly providing that any of the types of claims being asserted in the Litigation are preempted by federal law, then Defendant will have the right to rescind and terminate the settlement without prejudice to its pre-settlement positions and defenses in the Litigation, without any financial obligation related to the proposed settlement set forth in the settlement agreement other than to pay for the costs of administration of the settlement incurred by the Settlement Administrator through the time of such rescission and termination.

V.    **FINAL SETTLEMENT APPROVAL HEARING**

The Court will hold a final approval hearing on _____, 2017, in Courtroom E of the Tacoma Courthouse, located at 1717 Pacific Avenue, Tacoma, WA 98402, to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for attorneys' fees and reimbursement of costs and expenses and the service award to be paid to the Class Representative. Class Counsel's application for attorneys' fees and reimbursement of expenses will be on file with the Court no later than 15 days prior to the objection deadline, which is 30 days after the date of the mailing of this Notice, and will be available for review on or after that date.. The hearing may be continued without further notice to the settlement class. It is not necessary for you to appear at this hearing unless you have timely filed an objection, and even then, only if you wish to be heard on your objection by the Court.

VI.    **ADDITIONAL INFORMATION**

The following additional information is provided:

6

**Exhibit A**

1.      Contact information for Class Counsel to answer questions:

ACKERMAN & TILAJEF, P.C.
CRAIG J. ACKERMANN (SBN 229832)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone:  (310) 277-0614
Facsimile:  (310) 277-0635

HAMMOND LAW, P.C.
JULIAN HAMMOND (SBN268489)
jhammond@hammondlawpc.com
POLINA PECHERSKAYA (SBN 269086)
ppecherskaya@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
Telephone:  (443) 739-5758
Facsimile:  (310) 295-2385

2.      Contact information for Defendant's counsel:

**McGuireWoods LLP**
Matthew C. Kane, Esq.
Sabrina A. Beldner, Esq.
Sylvia J. Kim, Esq.
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 315-8200
mkane@mcguirewoods.com
sbeldner@mcguirewoods.com
skim@mcguirewoods.com

3.      The address for the website, created and maintained by the Settlement Administrator, that has links to the Settlement Class Notice, motions for settlement approval, application for attorneys' fees, reimbursement of expenses, and Class Representative enhancement awards, and other important documents in the case, is as follows:

www._____.com.

4.      Instructions on how to access the case docket via PACER or in person at any of the Court's locations:

Docket information for the Western District of Washington is available from the electronic filing system via PACER (www.pacer.gov).  The Case Management/Electronic Case Filing (CM/ECF) system is the Federal Judiciary's comprehensive case management system for all bankruptcy, district and appellate courts.  CM/ECF allows courts to accept filings and provide access to filed documents over the Internet.  The system also offers instantly updated dockets and immediate online access to new filings, which can be downloaded and printed directly from the court system.  For more information, please go to http://wawd.uscourts.gov/cm-ecf

For in-person review, in order to view or retrieve documents in any format, you may access the PACER system on one of the terminals in the Records Section of any Clerk's Office location, where you may search party names to obtain a case number.  Most case files are now available entirely in electronic format through ECF.  A physical file is created for each case but only manually filed documents are placed in the file; electronically filed documents (the vast majority of filings in court) are only available electronically. Manually filed documents are scanned and are accessible via the electronic docket.

Exhibit A

Physical case files and dockets may be obtained on a same day basis, unless they are being reviewed by someone at the courthouse at the time of the request or are in the Federal Records Center, where paper files in closed cases are housed after one year or more.  Clerk's Office staff can tell you whether the file is in the courthouse or at the Federal Records Center.

A valid government-issued picture identification card is needed to view a paper case file or docket. Acceptable identification cards include a state driver's license, a Washington state identification card, a United States passport, or a federal, state, county or city employee card.  Credit cards, car keys, or student identification cards will not be accepted.

5.     Settlement Class members are advised to check the settlement website or the Court's PACER site to confirm that the date for hearing on final approval has not been changed.

You may also contact the Settlement Administrator, (_____) toll-free at  XXX-XXX-XXXX.

**DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**

BY ORDER OF THE DISTRICT COURT

Exhibit A